IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Vitthal Chris Watkins,<br>    Petitioner,<br><br>v.<br><br>Commonwealth of Virginia,<br>    Respondent. | )<br>)<br>)<br>)<br>)   1:10cv918 (GBL/TRJ)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

This Matter comes before the Court on review of petitioner's Motion for Amendments and Correction and respondent's Motion to Dismiss. This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed pro se by Vitthal Chris Watkins, a Virginia inmate who seeks relief from his conviction of drug offenses in the Circuit Court of Brunswick County. For the reasons that follow, both petitioner's Motion for Amendments and Correction and respondent's Motion to Dismiss will be granted, and Watkins' petition will be dismissed, with prejudice.

I. Background

On February 24, 2009, following a bench trial, petitioner was convicted of (1) possession of cocaine with the intent to distribute and (2) transporting more than one ounce of cocaine into Virginia, both as a principal in the second degree. On that same date, he was sentenced to serve an aggregate of thirty (30) years in prison with twenty (20) years suspended, for a total active sentence of ten years imprisonment. Case Nos. CR08000209-00 and -01; Resp. Ex. A. The facts underlying petitioner's conviction and sentence were described by the Court of Appeals of

1

Virginia as follow:

> [T]he evidence established that on October 8, 2006, appellant, David Twitty, Shawn Adams, and Isaac Watkins, appellant's brother, left New York City by car around 4:00 a.m. en route to North Carolina where appellant was to meet with a probation officer. The car was packed before Twitty arrived, and, on the trip, the three passengers slept while Twitty drove the car. Twitty was speeding, and, at one point during the trip, appellant woke up from his nap and stated, 'we're going down.' While driving through Brunswick County, Virginia State Trooper Steve Homiak stopped the vehicle for speeding. During the stop, Homiak smelled marijuana inside the vehicle. Twitty consented to a search of the car.
>
> While searching the vehicle, Homiak noticed a white plastic bag sitting behind the right rear passenger seat. [FN: The vehicle was similar to a station wagon, and the back seat passengers had open access to the contents in the trunk.] He opened the bag and discovered a small can of JB oil treatment, Homiak shook the can, heard something rattle inside the can, and, upon inspection, discovered the can had a false bottom. When Homiak unscrewed the bottom of the can, he found a large quantity of crack cocaine. After discovering the cocaine, Homiak and his trainee drew their weapons and ordered the passengers to place their hands on the car. [FN: Twitty, who was still inside the car, was told to place his hands on the dashboard.] Homiak described Twitty's reaction to the presence of cocaine in the car as one of shock; however, appellant and the two other men's faces went blank and their heads dropped toward their chests, looking 'defeated' when Homiak discovered the drugs.
>
> Homiak confiscated the drugs and arrested all four men. Homiak packaged the cocaine, sent it to the Division for testing, and received a certificate of analysis from the Division confirming the substance was cocaine. Because the United States Attorney's Office was considering prosecuting the case at the federal level, Homiak sent the cocaine back to the Division for additional testing. The Division never received the package.
>
> At trial, Twitty testified for the Commonwealth. Twitty explained that he and appellant were cellmates in jail. Appellant told Twitty that he did not know Twitty well enough to inform him about the presence of cocaine in the car. According to Twitty, appellant then offered to give Twitty a 2002 Jaguar and some money if Twitty

> agreed to take responsibility for the drugs. [FN: Appellant, his brother, and Adams all had pending drug charges, and Twitty had none.]
>
> Adams and appellant's brother told Twitty that the whole purpose behind transporting the drugs from New York to North Carolina was to help appellant 'get on his feet.' Once appellant, his brother, and Adams were in North Carolina, they planned to sell the cocaine and use the money to take care of appellant. When Twitty learned of the purpose for the trip to North Carolina, appellant stated, 'we should have waited, we shouldn't have done this.'

Watkins v. Commonwealth, R. No. 0334-09-2 (Va. Ct. App. Oct. 14., 2009), slip op. at 3 - 4; Resp. Ex. B.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that: (1) admission of the certificate of drug analysis violated his Sixth Amendment right to confrontation, and (2) the evidence was insufficient to sustain the conviction. The petition for appeal was denied on October 14, 2009. Watkins v. Commonwealth, supra. Petition sought further review by the Supreme Court of Virginia, but his petition for appeal was refused on July 1, 2010. Watkins v. Commonwealth, R. No. 092049 (Va. Jul. 1, 2010); Resp. Ex. 5.

Petitioner timely filed this application for federal relief on August 3, 2010,[1] reiterating the same claims he raised on direct appeal. On October 25, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Dkt. 5 - 7. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response, a supplemental amended response, and an

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner executed his § 2254 application on August 3, 2010, Pet. at 16, and the petition was date-stamped as received by the Clerk on August 10, 2010. Pet. at 1.

3

amended supplemental response. Dkt. 12, 13, 20.

In his Motion to Dismiss, respondent argued that the first claim, regarding an alleged violation of petitioner's right under the Confrontation Clause, should be dismissed as procedurally defaulted. Specifically, respondent argued that the Court of Appeals of Virginia expressly held that because defense counsel failed to object to the admission of a certificate of drug analysis on the ground that to do so would violate petitioner's Sixth Amendment right under the Confrontation Clause, any such error was not preserved for review pursuant to Rule 5A:18. Not surprisingly, petitioner argued in his reply that the cause for his procedural default was the ineffective assistance rendered by his counsel in failing to object to the certificate's admission as a violation of petitioner's right to confrontation. See Harris v. Reed, 489 U.S. 255, 259 - 60 (1989). Respondent acknowledged in the brief supporting his Motion to Dismiss that a petition for a state writ of habeas corpus filed by petitioner remained pending before the Circuit Court of Brunswick County. Resp. Brief at 2, n. 2. The case information website of the Virginia courts system reflected that the state petition had been dismissed on February 8, 2011, and that an appeal of the dismissal had been lodged before the Supreme Court of Virginia. Case No. CL10000121-00. According to petitioner, one of the claims raised in that petition was the argument that his counsel was ineffective for failing to raise a Sixth Amendment objection to the admission of the certificate of drug analysis. Therefore, it appeared that adjudication of this federal petition prior to resolution of the state habeas corpus action was premature, and both parties were directed to submit additional information. Dkt. 21. Upon receipt of additional briefing by respondent, and because it appeared unlikely that any subsequent federal habeas action petitioner might file would be timely, see 28 U.S.C. §2244(d), this petition was stayed

pending resolution of the Virginia habeas corpus proceeding.[2] Dkt. 33. Petitioner has now informed the Court that Supreme Court of Virginia has dismissed his petition for appeal in his state habeas corpus proceeding. Dkt. 34. Based on the pleadings and record before this Court, it is now clear that petitioner has exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[3] Accordingly, this matter is now ripe for disposition.

## II. Procedural Bar

Petitioner's first claim, where he argues that his right to confrontation was violated when the certificate of drug analysis was admitted into evidence because the test sample subsequently was lost, is procedurally barred from federal review. When petitioner made this same argument on direct appeal, the Court of Appeals of Virginia held that because defense counsel failed to object to the admission of the certificate on the ground that to do so would violate petitioner's Sixth Amendment right under the Confrontation Clause, any such error was not preserved for review:

> A trial court must have 'an opportunity to rule intelligently on a party's objections,' thereby 'avoiding unnecessary mistrials or reversals.' Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731

---

[2] In the Order staying the petition, the Clerk was directed to remove the case from the Court's active docket. Dkt. 33. The case will now be reopened on the active docket for final disposition and any ensuing proceedings.

[3] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

>   (2002). 'The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.' Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. By failing to present a Confrontation Clause argument to the trial court, appellant did not afford the trial court the opportunity to rule intelligently on the issue now before this Court. Moreover, although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. 'In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred.' Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)). We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18.

Watkins v. Commonwealth, R. No. 0334-09-2, slip op. at 2. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Where a state court has made an express determination of procedural default, the finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause

ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, because the Virginia courts declined to review the merits of Watkins' first claim on the basis of an independent and adequate state law ground, cf. Weeks v. Angelone, 4 F. Supp. 2d 497, 5151 (E.D. Va. 1998) (holding that the contemporaneous objection rule of Va. Sup. Ct. Rule 5:25 is an adequate and independent state law ground), the claim is procedurally defaulted from federal review. As noted above, petitioner argued in his reply to the Motion to Dismiss that the cause for the procedural default of his first claim was the ineffective assistance rendered by counsel in failing to object to the certificate's admission as a violation of petitioner's right to confrontation. Dkt. 12 at 12. However, when petitioner argued in his state application for habeas corpus relief that his lawyer's assistance was ineffective for that reason, the contention was rejected by the Circuit Court of Brunswick County on the merits:

> In claim (j)(35) Watkins alleges counsel was ineffective for failing to assert a confrontation clause objection at trial, thereby preserving the issue for appellate review. 'Counsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another." Williams v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987). Although counsel did not assert a confrontation objection at trial, he did object to the certificate of analysis on the ground that Watkins had lost his ability to retest the evidence. In addition, the record establishes that counsel mounted a vigorous attack on the sufficiency of the Commonwealth's evidence on the critical issue of Watkins's dominion and control over the crack cocaine. Therefore, the Court

> finds counsel's performance was not constitutionally deficient. Furthermore, Watkins has not shown that had the issue been properly preserved, he would have prevailed on appeal. Fitzgerald, 6 Va. App. at 44, 366 S.E.2d at 618. Claim (j)(35) is dismissed because it fails to satisfy either prong of the Strickland test.

Watkins v. Commonwealth, R. No. CL10-121, Final Order at 17; Dkt. 28, Resp Supp. Brief, Ex. F. Petitioner attempted to appeal that result to the Supreme Court of Virginia, but his petition for appeal was dismissed on the following holding:

> Upon consideration of the record and pleadings filed in this case, the Court finds that the appeal was not perfected in the manner provided by law, as the assignments of error do not address the circuit court's ruling in Vitthal Chris Watkins v. Commonwealth of Virginia, Circuit Court Case No. CL10-121, from which an appeal is sought. Thus, the petition for appeal fails to comply with the requirements of Rule 5:17(c)(1)(iii) because it does not list the specific error(s) in the lower court proceedings upon which the appellant intends to rely.
>
> Accordingly, the petition for appeal is dismissed.

Watkins v. Commonwealth, R. No. 110687 (Va. Sept. 20, 2011); Dkt. 34, Notice of Decision, Att. 1.

Under these circumstances, petitioner has failed to show that the procedural default of his Confrontation Clause claim was caused by ineffective assistance of trial counsel. "A claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). Here, petitioner's claim of ineffective assistance was itself dismissed as procedurally barred by the state courts, so it cannot provide cause for petitioner's procedural default. Even were that not so, petitioner's claim argument that his counsel provided ineffective assistance fails on the merits. To establish

8

ineffective assistance, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). Here, as the state habeas court found, counsel's performance with respect to admission of the certificate of analysis did not meet the Strickland criteria. Watkins v. Commonwealth, R. No. CL10-121, Final Order. Accordingly, petitioner has failed to establish cause for the procedural default of his first federal claim, cf. Wainwright v. Sykes, 433 U.S. 72 (1977), and the claim consequently is barred from consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id, at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In his second claim, Watkins argues as he did on direct appeal that the evidence was insufficient to sustain the conviction. After describing the evidence as quoted above, the Court of Appeals held:

> Appellant contends the evidence was insufficient to prove his guilt beyond a doubt. 'Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.' Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (11975). 'The judgment of a trial court sitting without a jury is entitled to the same weight as jury verdict.....' Martin v. Commonwealth, 4 Va. App.438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

\* \* \*

> From this evidence, a rational trier of fact could conclude beyond a reasonable doubt that appellant possessed cocaine as a principal in the second degree in violation of Code § 18.2-248 and that he transported the cocaine into the Commonwealth in violation of Code §18.2-248.01.

Watkins v. Commonwealth, slip op. at 2 - 4.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons which were thoroughly expressed in the Court of Appeals' opinion,[4] it is apparent that a rational trier of fact could have found Watkins guilty of the charges he faced. See Jackson, 443 U.S. at 319. Therefore, the state courts' denial of relief on petitioner's

---

[4]Again, because the Supreme Court of Virginia affirmed the decision of the Court of Appeals without explanation, the Court of Appeals' reasoning is imputed to the Supreme Court. Ylst, 501 U.S. at 803.

challenge to the sufficiency of the evidence was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

### V. Petitioner's Motion for Amendments and Correction

In his Motion for Amendments and Correction (Dkt. 37), petitioner seeks to amend his federal habeas application to add two claims of ineffective assistance of trial counsel. Specifically, petitioner asserts that counsel rendered ineffective by (1) failing to object to the testimony of prosecution witness Twitty which implicated petitioner in the crimes charged, and (2) failing to object to conduct "reasonable minimum investigation into all plausible lines of petitioner's defense." Dkt. 38, §C. Careful review of the Final Order entered by the trial court in petitioner's state habeas corpus proceeding reveals that these two assertions of ineffective assistance do not appear to have been among the forty-one (41) allegations of ineffective assistance petitioner raised there. Dkt. 27, Ex. F. Therefore, as those claims have never been presented to Supreme Court of Virginia for review, both are now simultaneously unexhausted and procedurally barred from federal consideration. Cladgett v. Angelone, 209 F.3d 370, 378 - 79 (4th Cir. 2000); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Moreover, even if those arguments had been presented in petitioner's state habeas corpus application, the Supreme Court of Virginia dismissed petitioner's appeal of the denial of that petition on the ground that the appeal was not perfected correctly. Since the highest Virginia court explicitly relied on an independent and adequate state procedural ground to deny petitioner relief on his state habeas claims, see Ylst, 501 U.S. at 802-03 ; Harris, 489 U.S. at 260, the claims raised in that petition are procedurally defaulted from federal review.

Petitioner asserts in his Motion for Amendments that the allegedly ineffective assistance he received at trial caused the conviction of an actually innocent person. Petitioner made that same argument in an earlier Motion to File Amended Supplement on Actual Innocence. Dkt. 22. In Murray v. Carrier, 477 U.S. 478 (1986), the Supreme Court recognized an exception to the procedural bar doctrine in cases where a petitioner's incarceration represents a fundamental miscarriage of justice, and held that the procedural default of a habeas claim can be excused where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496; see also, Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Murray, 477 U.S. at 496. The evidence necessary to make a showing of actual innocence must be "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; see Sharpe v. Bell, 593 F.3d 372 (4th Cir. 2010). Here, petitioner invokes the actual innocence exception only in conclusory fashion, and falls far short of making the showing required by Schlup and its progeny to establish the probability that a conviction is unconstitutional. Therefore, petitioner's reliance on the actual innocence exception to excuse his procedural default of the claims he attempts to raise here must be rejected.

Lastly, incorporated in petitioner's Motion for Amendments is a request for an evidentiary hearing on his claims. However, it is now settled that "review under § 2254(d)(1) is limited to the record that was before the state court...," Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011), so petitioner's request for an evidentiary hearing must be denied.

## V. Conclusion

For the foregoing reasons, petitioner's Motion for Amendments and Corrections will be granted to the extent that the arguments raised were considered in this Memorandum Opinion. Respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 24th day of September 2013.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia